IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LAVAN YANKTON                                                                                         PETITIONER

VERSUS                                                                              CIVIL ACTION NO.2:10cv52KS-MTP

FRANKLIN D. BREWER, et al.                                                                   RESPONDENTS

## **OPINION AND ORDER**

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner Lavan Yankton, an inmate at the Stone County Regional Correctional Facility, Wiggins, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

According to the petition, petitioner was convicted in the Circuit Court of Forrest County, Mississippi on April 29, 2009. He was sentenced to serve 20 years in the custody of the Mississippi Department of Corrections. The petitioner states in his petition that he has appealed his judgment of conviction entered by the Circuit Court of Forrest County, Mississippi, to the Mississippi Supreme Court and the appeal was assigned appeal number 2009-TS-1075-COA. The Mississippi Supreme Court's website, http://www.mssc.state.ms.us/appellate_courts/generaldocket.html, states that petitioner's notice of appeal of his conviction was filed on June 30, 2009, that it was assigned to the Mississippi Court of Appeals on July 2, 2009, and is presently pending before the Mississippi Court of Appeals in cause number 2009-KA-1075 COA.

The petitioner presents in his response [5] the following grounds for habeas relief in the instant petition: (1) ineffective assistant of counsel; (2) prosecutorial misconduct; and (3) evidence misconduct. Also, included in his response [5], is his argument that "[i]f I exhaust state remedies, thereafter procedural statutes of limitations would bar me." He further claims in his response [5] that the "[p]eriod shall run from the latest of the date on which the judgment became final 4-29-09 to 4-29-10."

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999). This court finds that petitioner is in the process of exhausting his state remedies since his direct appeal is pending with the Mississippi Court of Appeals. Therefore, because he has

not completed the exhaustion process with the Mississippi Court of Appeals, the instant petition will be denied and dismissed.[1]

A final judgment in accordance with this opinion and order will be issued this date.

SO ORDERED, this the 14th day of April, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, this Court finds that the petitioner's argument that he will be barred by the one-year statute of limitations if he does not file his petition for habeas relief in this district court before April 29, 2010, the one-year anniversary of his conviction date, is misplaced. The one-year statute of limitations for filing a request for federal habeas relief must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). A state judgment becomes final "upon direct review, which occurs upon denial of certiorari by the [United States] Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Therefore, because the petitioner's direct appeal, *i.e.,* direct review, to the Mississippi Court of Appeals is presently pending, there has not been an event, as set forth in 28 U.S.C. § 2244(d)(1)(A), to occur which would trigger the statute of limitations to begin to run.